Mr. Richard Peel Peel Law Firm, P.A. 120 South Glenwood Avenue P.O. Box 986 Russellville, AR 72811
Dear Mr. Peel:
You have requested an Attorney General's opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You state that your client, the Russellville School District, has received a request for certain records related to a particular school district employee. You indicate that the school district conducted an investigation of the employee in question, and the employee was suspended on November 8, 2003.[1] The investigation continued after the suspension, but before it was completed, the employee resigned from the school district. At that point, the school district accepted the employee's resignation and closed its investigation.
The following records have been requested:
 • The hard drive of any and all computers to which the employee had access[2]
• Complete results of investigations and response letters
 • Complete report of all interviews of the employee and all charges against the employee
You indicate that as custodian of the records, you have determined that a number of records should be provided in response to this request, and you state that you have already released these records to the requestors. However, you have determined that other records should be withheld. You indicate that you have determined that the computer hard drive should not be released to the requestors. At your direction, the computer hard drive was reviewed and all records relating to the employee in question were copied. Some of these records were released to the requestors and some were withheld. With the exception of the requested computer hard drive itself, you have provided me with copies of all of the withheld records for my review. It is my understanding that all of the records that you have provided to me were collected in the course of the school district's investigation of the employee in question.
I am directed by law to issue my opinion as to whether your determination, as custodian of the records, regarding the release of the requested records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
RESPONSE
It is my opinion, as explained more fully below, that your determination is partially consistent with the FOIA.
The Computer Hard Drive
It is my opinion that you correctly determined that the computer hard drive should not be released. A computer hard drive does contain data that can, if kept by an entity that is subject to the FOIA, fall within the FOIA's broad definition of "public records," in that such data constitutes "electronic or computer-based information." See A.C.A. §25-19-103(5)(A). However, the hard drive, in and of itself, is not a record that is subject to the FOIA. Moreover, a computer hard drive typically contains many separate records, the releasability of which must be evaluated separately. Some of the records contained on the hard drive may be releasable, and others may not be releasable. For this reason, it would be inappropriate to release a hard drive without engaging in such an evaluation of each of the records contained thereon. It should be noted in this regard that it is impermissible to deny access to records simply on the grounds that exempt information is commingled with non-exempt information, and reasonably segregable information must be provided after exempt information is deleted. A.C.A. § 25-19-105(f)(1) and (2). If a computer hard drive has been requested, these requirements can only be complied with by conducting a separate review of each record on the hard drive prior to release.
In addition to the above stated concerns, a computer hard drive may contain the types of information that are specifically exempt from disclosure under A.C.A. § 25-19-105(b)(11), which states:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (11) Records containing measures, procedures, instructions, or related data used to cause a computer or a computer system or network, including telecommunication networks or applications thereon, to perform security functions, including, but not limited to, passwords, personal identification numbers, transaction authorization mechanisms, and other means of preventing access to computers, computer systems or networks, or any data residing therein;
A.C.A. § 25-19-105(b)(11).
Transcripts and Medical Record
It is my opinion that you correctly determined that the transcripts and the one medical record should not be released. Transcripts constitute "education records," within the meaning of A.C.A. § 25-19-105(b)(2), which are specifically exempt from disclosure. The medical record is also specifically exempt from disclosure under A.C.A. § 25-19-105(b)(2).
The Recommendation Records
It is my opinion that the recommendation forms and letters of recommendation constitute "personnel records" within the meaning of the FOIA and should be released. Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed below) that relate to the individual employee. See, e.g., Ops. Att'y Gen. Nos. 2003-364; 2003-055; 2002-085; 2001-154; 99-147. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). This standard will apply even though the personnel records have become a part of the police investigation file. They do not lose their character as personnel records. See Op. Att'y Gen. No. 2000-257.
The FOIA also does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-201; 2001-101; 98-001. In my opinion, the recommendation forms and letters do not contain information in which the employee would have any privacy interest that would justify withholding them from disclosure.
The Remaining Records
It is my opinion that all of the remaining records constitute "employee evaluation/job performance records" within the meaning of the FOIA. All of these remaining records were created in connection with the school district's investigation of the employee in question. This office has consistently opined that records that were created by or at the behest of the employer in connection with the investigation of an employee constitute "employee evaluation/job performance records" within the meaning of the FOIA. See, e.g., Ops. Att'y Gen. Nos. 2003-364; 2003-201; 2002-085; 2002-055; 2001-276; 2001-217; 2001-153; 2001-144.
Under the FOIA's applicable standard, employee evaluation/job performance records are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
In my opinion, the third condition above has been met. This office has consistently opined that the public generally has a heightened interest in records reflecting the conduct of public school teachers during school hours, during school events, and on school property. See, e.g., Op. Att'y Gen. Nos. 2002-320; 2002-158; 2001-142; 2001-144; 2001-148; 2001-153; 2001-151; 2001-150. This interest is further heightened where students are impacted.
It is not clear whether the first condition above has been satisfied. You have not indicated whether the employee in question appealed the suspension or whether the time for an appeal has expired. If the employee appealed the suspension and that appeal is still pending, or if the time for appeal has not expired, the first condition may not have been met.See Ops. Att'y Gen. Nos. 2003-257; 2002-158; 2001-028; 1999-361; 99-359; 98-006 (opining that there has been no final administrative resolution of a termination or suspension decision until the appeal process has been completed or until the time period for the appeal process has lapsed). I note that these concerns are valid even though the employee subsequently resigned from the school district. If, on the other hand, the employee did not appeal the suspension and the time for appeal has expired, the first condition above has been satisfied.
In any event, even if it is assumed that both the first and third conditions above have been satisfied, it is my opinion that the second condition may not have been satisfied with regard to all of the remaining records. In order for a record to have "formed a basis" for a suspension, it must have either been created prior to the suspension, or must simply recite the reasons for the suspension. See Op. Att'y Gen. No. 2003-091. Some of the records that you have provided were created after the suspension while the investigation was continuing, but before the employee resigned. Some of these records may go beyond simply reciting the reasons for the suspension. Any such record (i.e., any records that was created after the suspension and that goes beyond simply reciting the reasons for the suspension) cannot, in my opinion, be deemed to have "formed a basis" for the suspension and therefore would not satisfy the second condition above. Such records cannot be released. It will therefore be necessary for you to review all of the remaining records to determine which of them can be deemed to have formed a basis for the suspension.
Each of the records that is released should be thoroughly reviewed prior to release to determine whether it contains any items of information that are exempt from disclosure that should be redacted.
I note in particular that many of the records contain specific references to a student or students. In my opinion, all students' names should be redacted from these records before they are released. These references could constitute the type of "personally identifiable information" that is protected from disclosure under the federal Family Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA) and that is specifically exempt from disclosure under the FOIA. See A.C.A. § 25-19-105(b)(2).
I also note that before the records reflecting the employee's professional assessment scores are released, the employee's specific scores and Grade Point Average should be redacted. This office has consistently opined that although the public has a valid interest in knowing that public employees possess a level of skill sufficient to perform their duties, information indicating specific scores is not necessary to satisfy this interest. See Ops. Att'y Gen. Nos. 2003-231; 2003-015; 2002-161; 2001-172; 2000-226; 2000-119; 99-016; 99-002; 97-177; 97-034; 97-033; 93-079; 89-054; Watkins, The Arkansas Freedom ofInformation Act (3rd ed. 1998).
In addition, all social security numbers should be redacted. See5 U.S.C. § 552a, note. I also note that I have previously opined that although the FOIA provides no specific exemption for school employees' home addresses, an argument could be made that school employees' (and former school employees') home addresses should be redacted from any records that are released. As I recently explained in Opinion No.2003-364, such an argument would be based upon the Arkansas Supreme Court's decision in Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998). In that case, the court upheld a custodian's decision to withhold from release certain police officers' home addresses.[3] In upholding that decision, the Stilley court applied its traditional balancing test between the privacy interest and the public interest and concluded that the privacy interest outweighed the public interest. In reaching this conclusion, the court specifically considered the fact that where police officers are concerned, this information can carry a heightened potential to be used for purposes of harassment, nuisance, and of people attempting to contact the subject at home, or endangering their families' safety. The same reasoning might apply to a public school employee or a former public school employee — particularly if this employee was a teacher.
Finally, many of the records contain references to persons who to my knowledge may not be (and may never have been) employees of the school district.[4] These individuals may have a privacy interest in these records. In order to justify redacting these individuals' names from the records, it would be necessary to determine that their privacy interest rises to a level of constitutional protection. In McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989), the court recognized that a constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. In order to invoke this protection, the individual must be able to establish that the information in question is information that: (1) the individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. Whether such an interest exists is question of fact.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Your request letter actually indicates that no administrative action was taken against the employee. However, you have since clarified in telephone conversations that the employee was in fact sent a letter of suspension on November 6, 2003, and that the letter was received by the employee on November 8, 2003.
[2] The FOIA request letter actually requested "Any and all computers that [the employee] has had access." You have indicated in telephone conversations that the requestors have since clarified their request to mean that they were actually requesting the hard drive any computer to which the employee had access.
[3] The FOIA has since been amended to provide a specific exemption for the home addresses of non-elected state, municipal, and county employees. See A.C.A. § 25-19-105(b)(13).
[4] Although the records also contain references to various school employees, and are thus the "personnel records" of these employees, it is my opinion that none of the records contains any private information about these employees that would outweigh the public's interest in them.